IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MYRAINNE Z. ROA-MENDEZ <br><br> Plaintiff <br><br> vs <br><br> CONSEJO ESTATAL SOBRE DEFICIENCIAS EN EL DESARROLLO (CEDD); LUIS FORTUÑO-BURSET, in his personal capacity and as Governor of the Commonwealth of Puerto Rico; DAVID CRUZ-VELEZ, in his individual and official capacity as a Member of the Board of Directors of CEDD; ARTURO DELIZ-VELEZ, in his individual and official capacity as a Member of the Board of Directors of CEDD; PUERTO RICO PLANNING BOARD; RUBEN FLORES-MARZAN, in his individual and official capacity as the President of the Puerto Rico Planning Board and as a representative of the Planning Board in the Board of Directors of CEDD; JUAN BARNES-LLINAS, in his individual and official capacity as a Member of the Board of Directors of CEDD; EDISON NEGRON-OCASIO, in his individual and official capacity as a Member of the Board of Directors of CEDD; MORAYMA NIEVES-RIVERA, in his individual and official capacity as a Member of the Board of Directors of CEDD; JOSE N. PIMENTEL-VAZQUEZ, in his individual and official capacity as a Member of the Board of Directors of CEDD; GLADYS W. QUIÑONEZ-CARABALLO, in his individual and official capacity as a Member of the Board of Directors of CEDD; JAVIER SOTO-AROCHO, in his individual and official capacity as a Member of the Board of Directors of CEDD; NYDIA A. COLON-ZAYAS, in her individual and official capacity as a representative of the Administration of Vocational Rehabilitation; MIGUEL NEGRON-RIVERA, in his individual and official capacity as a representative of the Medicaid Program of the Department of Health; EFRAIN FIGUEROA-DIAZ, in his individual and official capacity as a representative of the Department of Labor and Human Resources; | CIVIL 11-1989CCC |

CIVIL 11-1989CCC                                    2

MIGUEL HERNANDEZ-VIVONI, in his
individual and official capacity as a
representative of the Department of Housing;
CONCEPCION QUIÑONES-DE LONGO, in
her individual and official capacity as a
representative of Department of Health;
ANGEL TORO, in his individual and official
capacity as a representative of the
Department of Sports and Recreation; and
JESUS M. RIVERA-SANCHEZ, in his
individual and official capacity as a
representative of the Department of
Education

Defendants

**ORDER**

On January 11, 2012, Plaintiff filed a Motion Requesting Entry of Default (docket entry 32) against defendant Gladys W. Quiñonez-Caraballo claiming that she had requested, together with the remaining 18 defendants, an extension to answer the complaint (docket entry 26) and had failed to do so despite the extension granted until January 10, 2012. This motion was followed by an unopposed Motion to Withdraw Legal Representation and Notice of Appearance on behalf of Gladys Quiñonez-Caraballo (docket entry 33) filed on January 11, 2012 by attorney José Javier Santos-Mimoso, who states that by mistake he entered an appearance on her behalf but that he does not represent defendant Quiñonez-Caraballo and that this defendant has not been served by plaintiff. Despite the information provided, plaintiff neither disputed it nor later submitted proof of service upon defendant Quiñonez-Caraballo.

Given these circumstances, plaintiff's Motion Requesting Entry of Default (**docket entry 32**) is DENIED since entry of default cannot be made against a defendant upon which the Court has not obtained jurisdiction. The Motion to Withdraw Legal Representation and Notice of Appearance on Behalf of Gladys W. Quiñonez-Caraballo filed by José Javier

CIVIL 11-1989CCC                               3

Santos-Mimoso, of the law firm Aldarondo & López-Bras who represents all defendants except defendant Quiñonez-Caraballo (**docket entry 33**), is GRANTED.  The Clerk of the Court and the parties shall take notice of this fact.

**Since plaintiff failed to serve defendant Gladys W. Quiñonez-Caraballo within the 120 days time limit established in Rule 4(m) of the Federal Rules of Civil Procedure, and has failed to show good cause for its non compliance even after attorney Santos-Mimoso made clear that defendant Quiñonez-Caraballo had not been served, the Complaint against this defendant is ordered DISMISSED without prejudice, and Partial Judgment shall be entered**.

SO ORDERED.

At San Juan, Puerto Rico, on March 8, 2012.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge